IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY COLLEEN BROESKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 3836 |
| | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | Judge Robert Gettleman |
| INSURANCE COMPANY, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Plaintiff Mary Colleen Broeski, by her attorney Edward Kraus of the Law Offices of Chicago-Kent College of Law, hereby seeks leave to conduct limited discovery related to Defendant Provident Life and Accident Insurance Company's ("Provident Life's") reliance on the opinion of the alleged "independent" medical examiner, Dr. Marshall Matz, in the denial of her claim for long-term disability benefits. In support of this motion, Plaintiff states as follows:

1. Plaintiff began receiving long term disability benefits pursuant to a plan provided by her employer and administered by Provident Life. As part of the review of the Plaintiff's continuing eligibility for long-term disability benefits, the Plaintiff was referred to Dr. Marshall Matz for an independent medical evaluation on September 24, 2003. Dr. Matz concluded that Plaintiff's medical condition was not disabling and, relying on his report, Provident Life ultimately denied/terminated Plaintiff's claim for benefits.

2. In her complaint challenging Provident Life's denial/termination of her claim, Plaintiff alleged that Dr. Matz has a "bias" in favor of "insurers/defendants in disability matters" and that Defendant was aware of this bias when it selected him to perform an allegedly "independent" medical review of Plaintiff's claim.

3. Plaintiff also alleged that a governmental investigative report raises significant concerns relating to systemic unfair claims adjudication practices by UnumProvident and its subsidiaries (which include Provident Life) identical to the ones presented in Plaintiff's case and during the same time period.

4. As demonstrated by Plaintiff's Memorandum In Support of Her Motion for Leave to Conduct Discovery, Plaintiff has met the test articulate by the Seventh Circuit in *Semien v. Life Ins. Co of North America,* 436 F.3d 805, 814-15, (7th Cir. 2006) for when a Plaintiff should be allowed to conduct limited discovery in an ERISA case by identifying a specific conflict of interest or instance of misconduct and making a *prima facie* showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination.

WHEREFORE, Plaintiff prays this Honorable Court grant her motion, allow Plaintiff to conduct limited discovery, and order Defendant to respond to the discovery attached hereto as Exhibits A and B within 30 days of granting the motion.

    Respectfully submitted,

    /s/ Edward Kraus
    Attorney for Plaintiff

Edward Kraus
Chicago Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(312) 906-5072